_____
Honorable Natalie M. Cox
United States Bankruptcy Judge



Entered on Docket
March 22, 2022

LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail: zlarson@lzlawnv.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzlawnv.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170
Fax: (702) 382-1169

Attorneys for Debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

In re:

RECON MEDICAL, LLC,

    Debtor.

Case No. 21-14382-nmc
Chapter 11

Date:  March 15, 2022
Time:  9:30 a.m.

**ORDER GRANTING DEBTOR'S MOTION PURSUANT TO BANKRUPTCY RULE 9019
TO APPROVE SETTLEMENT AGREEMENT WITH ELEVEN 10, LLC**

    Recon Medical, LLC, a Nevada limited liability company, as debtor and debtor in possession (the "Debtor"), having filed its *Motion Pursuant to Bankruptcy Rule 9019 to Approve Settlement Agreement With Eleven 10, LLC* (the "Motion") [ECF No. 182]; the Court having reviewed and considered the Motion; no oppositions to the Motion having been filed or made at the hearing; the Court having held a hearing on the Motion, and having heard and considered the arguments of counsel; the Court having placed certain findings of fact and conclusions of law on the record at the hearing, which are incorporated herein by reference pursuant to Fed. R. Civ. P.

52, as made applicable pursuant to Fed. R. Bankr. P. 7052 and 9015; and good cause appearing;

**IT IS HEREBY ORDERED:**

1. The Debtor's Motion is GRANTED, and the Settlement Agreement and Release (the "Settlement Agreement") in the form as attached as **Exhibit 1** by and between the Debtor and Eleven 10 LLC is APPROVED.

2. The Debtor is authorized and directed to execute and implement the Settlement Agreement in all respects, and without further order of the Court.

3. The Court reserves jurisdiction over the interpretation, implementation and enforcement of the Settlement Agreement and this Order.

**IT IS SO ORDERED.**

Prepared and Submitted:

By: /s/ Matthew C. Zirzow
LARSON & ZIRZOW, LLC
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzlawnv.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170
Fax: (702) 382-1169

Attorneys for Debtor

. . .

. . .

. . .

**LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court has waived the requirement of approval under LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

| | |
|---|---|
| Bart Larsen (Counsel to Eleven 10 LLC): | APPROVED |
| Blakeley Griffith (Counsel to Composite Resources): | APPROVED |
| Ted Burr (Subchapter V Trustee): | APPROVED |

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

3

# EXHIBIT 1

# EXHIBIT 1

## Settlement Agreement and Release

This Settlement Agreement and Release (the "Agreement") is made and entered into as of _____, 2022 ("Execution Date"), by and between Eleven 10 LLC, an Ohio limited liability company ("Eleven 10"), and Recon Medical, LLC, a Nevada limited liability company ("Recon"). Together, Eleven 10 and Recon are the "Parties," and individually each is a "Party."

## Recitals

A.  On September 3, 2021, Recon, as a debtor and debtor-in-possession, filed its voluntary petition for relief under Subchapter V of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court"), case number 21-14382-nmc (the "Bankruptcy Case"). The Bankruptcy Case is currently pending.

B.  On October 7, 2021, Recon filed its Chapter 11 Plan of Reorganization dated October 7, 2021, with the Bankruptcy Court (Docket No. 68) (the "Plan"). The Bankruptcy Court has not yet confirmed the Plan.

C.  Eleven 10 claims trade dress rights to the appearance, ornamental features, and product design of its RIGID TQ tourniquet case product line, an example of which is below:



D. Recon recently began selling hard-shell tourniquet cases that Eleven 10 believes infringe Eleven 10's trade dress right (the "Accused Cases"), an example of which is pictured below:



E. <u>Eleven 10 claims enforceable trade dress rights to the RIGID TQ tourniquet case based on the following allegations</u>:

(i) Eleven 10 is a Westlake, Ohio based manufacturer of the RIGID TQ tourniquet case (the "Eleven 10 Case") exhibits a distinctive trade dress. The look and feel of the Eleven 10 Case, as comprised by the design of the Eleven 10 Case; the size, shape, total image, and overall appearance of the Eleven 10 Case; and the arrangement, size, and style of the ornamental features on the Eleven 10 Case, is collectively referred to herein as the "Eleven 10 Trade Dress."

(ii) Some of the features that distinguish the Eleven 10 Trade Dress include (but are not limited to):

    a. A raised square on the middle to upper half of the front side of the case, with an embossed cross-featured on the raised square.

    b. A generally rectangular body with stylized angled lower corners and a top recessed notch, with raised trim, in the center of the front side of the case.

(iii) Since at least 2015, Eleven 10 has generated significant revenue from the sale of its Eleven 10 Case that incorporates the Eleven 10 Trade Dress. In addition, since at least 2015, Eleven 10 has significantly invested in marketing, advertising, and promoting its Eleven

10 Case with the Eleven 10 Trade Dress in the relevant channels of trade throughout the United States and internationally.

(iv) As a result of the sales, marketing and distinctiveness of the product itself, the trade dress has acquired secondary meaning. Further evidence of secondary meaning includes (a) significant copying and counterfeiting of the Eleven 10 Trade Dress and Eleven 10 Case by third-parties, where there would be no reason to copy unless there is secondary meaning that the copier seeks to capitalize upon, and (b) significant actual confusion in the marketplace where customers are confused into believing the counterfeits are true Eleven 10 Cases, which further demonstrates that consumers associate the Eleven 10 Trade Dress with Eleven 10.

F. Recon's Alleged Infringement of Eleven 10's Trade Dress:

(i) Eleven 10 asserts that Recon copied the Eleven 10 Trade Dress. Specifically, Recon is selling the Accused Cases, which have the same size, shape, color scheme, and general overall design of the Eleven 10 Case. A side-by-side comparison is below:



| **Recon's Infringing Accused Case** | **Eleven 10 Case** |

(ii) By copying the Eleven 10 Trade Dress, Recon is likely to cause confusion

(and likely has already caused actual confusion), or cause mistake, or deceive as to (a) the affiliation, connection, or association between Recon and Eleven 10, or (b) the origin, sponsorship, or approval of Recon's or Eleven 10's goods, services, or commercial activities.

   (ii) Eleven 10 has no control over the quality of the goods that Recon is promoting, advertising and selling under the Eleven 10 Trade Dress, with the result that Eleven 10's valuable goodwill in its Eleven 10 Trade Dress will be damaged irreparably by Recon's continued infringing activities.

   (iii) Eleven 10 asserts: (a) Recon has infringed Eleven 10's trade dress rights under the Lanham Act (15 U.S.C. § 1125); (b) Recon's willful and unlawful activities, as described above, are unfair competition under the Lanham Act; (c) Recon's unlawful activities, as described above, violate Ohio's Deceptive Trade Practices Act (Ohio Revised Code § 4165.01 et seq.); and (d) Recon's unfair competition has damaged Eleven 10 and caused it irreparable harm, which will continue unless Recon's unlawful conduct ceases.

   (iv) Eleven 10 asserts that based on the foregoing claims, Recon is liable to Eleven 10 for compensatory and punitive damages, penalties, and other amounts and relief, to be determined in litigation.

  F. The Parties are desirous of resolving all disputes and avoiding the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims.

NOW, THEREFORE, in consideration of the mutual covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which hereby is acknowledged, and intending to be legally bound, the Parties hereby stipulate and agree as follows:

## Terms

1. <u>No Future Sales of Accused Cases</u>. Recon shall immediately cease and forever desist from buying, selling, offering to sell, marketing, manufacturing, or otherwise using any of the Accused Cases and any other hard-shell tourniquet case that bears a substantial similarity to the Accused Cases.

2. <u>Destruction of Inventory</u>. Recon shall, within 14 days of the Execution Date, destroy all inventory of Accused Cases and provide a sworn affidavit to Eleven 10 that certifies that all Accused Cases have been destroyed, the number destroyed, the date and place of destruction, and the manner in which they were destroyed.

3. <u>Names of Supplier(s)</u>. Recon shall, within 14 days of the Execution Date, provide to Eleven 10 the names and contact information for each supplier (regardless of whether the supplier is a retailer, vendor, distributor, reseller, manufacturer, or any other seller) from whom Recon received the Accused Cases (or the plastic shells used to assemble the Accused Cases), including at least one representative purchase order or invoice for each supplier. Recon represents and warrants that the list provided under this Paragraph is complete and accurate.

4. <u>Image Removal</u>. Recon shall, within 14 days of the Execution Date, remove all images of the Eleven 10 RIGID TQ case and the Accused Cases from all print and digital media owned or controlled by Recon, including (without limitations) removal from websites, social media sites, and e-commerce sites (*e.g.*, Amazon). Recon shall not again use, display, or reproduce any images of the Eleven 10 RIGID TQ case or of the Accused Cases.

5. <u>Effective Date</u>. Promptly after Recon's receipt of a fully executed Agreement, Recon will seek the Bankruptcy Court's approval of this Agreement pursuant to Fed. R. Bankr. P. 9019 (the "Motion"). The Parties agree that a material term of the settlement and this Agreement

is the timing of the settlement occurring prior to confirmation of the Plan. This Agreement shall become effective on entry of the order approving the settlement and this Agreement by the Bankruptcy Court (the "Settlement Approval Order") and that order becoming final with no appeal or motion for rehearing or reconsideration being filed within 14 days of entry of the Settlement Approval Order (the "Effective Date"). If the Bankruptcy Court does not approve the Agreement and enter a final non-appealable Settlement Approval Order, the Agreement shall be of no further force or effect.

6. Eleven 10's Release. Contingent on Recon's compliance with Paragraphs 1-4 above, on the Effective Date Eleven 10 releases Recon and all of its predecessors, successors, affiliates, assigns, directors, officers, representatives, employees, insurers, agents, owners, parents, and subsidiaries, whether past or present, from the claims Eleven 10 asserted in this Agreement and from any other claims that Eleven 10 could have asserted and that arise out of the same transactions and occurrences set forth in this Agreement. This release does not apply to any conduct that occurs after the Effective Date.

7. Recon's Release. On the Effective Date, Recon releases Eleven 10 and all of its predecessors, successors, affiliates, assigns, directors, officers, representatives, employees, insurers, agents, owners, parents, and subsidiaries, whether past or present, from any claims or defenses that Recon could have asserted against Eleven 10. This release does not apply to any conduct that occurs after the Effective Date.

8. Non-Admission. By entering into this Agreement, the Parties agree and understand that this is a compromise and settlement of disputed claims and that there is no implication or admission of liability or wrongdoing whatsoever by the Parties with respect to the claims and issues in dispute. The Parties further agree and understand that by entering into this Agreement,

the existence and execution of this Agreement shall not be considered, nor offered or received into evidence or otherwise filed or lodged in any proceeding, except as may be necessary to prove the terms of this Agreement, or to enforce this Agreement, nor may it be considered or deemed admissible as an admission by the Parties of any liability, wrongdoing, error, or violation of law.

9. Warranty of Authority. Each Party represents and warrants that the execution and delivery of this Agreement and the performance of the respective obligations of the Parties in connection with this Agreement (a) has been duly authorized by them; (b) requires no registration with or approvals of any person not heretofore obtained (other than the Bankruptcy Court); and (c) does not violate, contravene or conflict with any law, any order or regulation of any court, or any governmental authority, official or agency, or any contract, indenture or any other instrument to which they or any of them was a Party or by which they or any of their property may be bound.

10. Binding Effect. This Agreement shall be binding upon and inure to the benefit of the Parties and their respective successors and assigns.

11. Costs. The Parties will bear their own costs and expenses, including attorneys' fees, associated with the Motion and with the negotiation and execution of this Agreement.

12. Related Instruments. The Parties agree to sign or cause to be signed any other related instruments reasonably necessary to complete this Agreement and the transactions contemplated thereby.

13. Severability. In the event that any provision of this Agreement is found by a court of competent jurisdiction to be contrary to any law, ordinance, or regulation, the latter shall be deemed to control, and the Agreement shall be regarded as modified accordingly and, in any event, the remainder of this Agreement shall continue in full force and effect.

14. <u>No Construction Against Drafters</u>. This Agreement results from negotiations between the Parties and their respective legal counsel, and each Party acknowledges that it has had the opportunity to negotiate modifications to the language of the Agreement. Accordingly, each Party agrees that in any dispute regarding the interpretation or construction of this Agreement, no statutory, common law or other presumption shall operate in favor or against, or otherwise be strictly construed in favor or against, any Party hereto by virtue of its role in drafting or not drafting the terms and conditions set forth herein.

15. <u>Paragraph Headings</u>. The paragraph headings of this Agreement are inserted only for convenience and in no way define, limit, or describe the scope or intent of this Agreement nor affect its terms and provisions.

16. <u>Modification</u>. Any modification of this Agreement must be in writing and signed by all Parties. No oral modifications shall be effective to vary or alter the terms of this Agreement.

17. <u>Entire Agreement</u>. This Agreement constitutes and represents the entire agreement of the Parties hereto with respect to the subject matter hereof, and all other prior agreements, covenants, promises and conditions, verbal or written, between these Parties are superseded and incorporated by this written Agreement.

18. <u>Counterparts</u>. This Agreement may be executed in counterparts by facsimile or scanned electronic copy, all of which together shall constitute one agreement binding on each of the Parties hereto notwithstanding that each such Party may not have signed the same counterpart.

19. <u>Notices</u>. Any notice, election, report, or other correspondence required or permitted under this Agreement will be effective it is in writing and sent by email or by certified or registered mail (or by private mail service, *e.g.*, FedEx, with delivery confirmation) to the appropriate Party

as identified below. Notices are deemed given on the date an email is sent (unless the email is returned as undeliverable) or three business days following the date of mailing:

To Eleven 10:                                                     To Recon:

William Janson
President
Eleven 10 LLC
975 Basset Road, Ste. B
Westlake, Ohio 44145
bjanson@1110gear.com

with a copy to:

Matthew J. Cavanagh
McDonald Hopkins LLC
600 Superior Avenue, East
Suite 2100
Cleveland, OH 44114
mcavanagh@mcdonaldhopkins.com

20.    Authorized Signature. Each signatory hereto warrants and represents that he or she is competent and authorized to enter into this Agreement on behalf of the Party for whom the signatory purports to sign.

[*Signature page follows*]

IN WITNESS WHEREOF, the Parties have caused this Agreement to be signed by their duly authorized representatives on the dates indicated.

*Eleven 10 LLC*

_____[signature]_____
Signature

___WILLIAM JANSEN___
Print Name

___PRESIDENT___
Title

___3/17/22___
Date

*Recon Medical, LLC*

_____
Signature

_____
Print Name

_____
Title

_____
Date

represents the entire agreement of the Parties hereto with respect to the subject matter hereof, and all other prior agreements, covenants, promises and conditions, verbal or written, between these Parties are superseded and incorporated by this written Agreement.

18. <u>Counterparts</u>. This Agreement may be executed in counterparts by facsimile or scanned electronic copy, all of which together shall constitute one agreement binding on each of the Parties hereto notwithstanding that each such Party may not have signed the same counterpart.

19. <u>Notices</u>. Any notice, election, report, or other correspondence required or permitted under this Agreement will be effective it is in writing and sent by email or by certified or registered mail (or by private mail service, *e.g.*, FedEx, with delivery confirmation) to the appropriate Party as identified below. Notices are deemed given on the date an email is sent (unless the email is returned as undeliverable) or three business days following the date of mailing:

To Eleven 10:

William Janson
President
Eleven 10 LLC
975 Basset Road, Ste. B
Westlake, Ohio 44145
bjanson@1110gear.com

with a copy to:

Matthew J. Cavanagh
McDonald Hopkins LLC
600 Superior Avenue, East
Suite 2100
Cleveland, OH 44114
mcavanagh@mcdonaldhopkins.com

To Recon:

20. <u>Authorized Signature</u>. Each signatory hereto warrants and represents that he or she is competent and authorized to enter into this Agreement on behalf of the Party for whom the signatory purports to sign.

[*Signature page follows*]

IN WITNESS WHEREOF, the Parties have caused this Agreement to be signed by their duly authorized representatives on the dates indicated.

| Eleven 10 LLC | Recon Medical, LLC |
|---|---|
| _____ Signature | _____ Signature |
| _____ Print Name | DEREK PARSONS Print Name |
| _____ Title | CEO Title |
| _____ Date | 3-16-22 Date |

{10020946:5 }    1

# # #